# NEWMAN vs. TIERNAN.

An individual, in order to justify his arrest and imprisonment of another, by virtue of his authority as a justice of the peace, must show himself to have been, at the time, not only *de facto* but *de jure* a justice.

Where a defendant, sued for an illegal arrest and imprisonment, justified on the ground of his being a justice of the peace, in the lawful discharge of his duties, and to show that he was, *de jure,* a justice of the peace, gave evidence that he had taken and filed the oath of office, and introduced the minutes of the proceedings of a town meeting, showing the number of votes given for each of the several persons voted for, at that election, for the

office of justice of the peace, including the defendant, but not showing that the defendant had received the highest number of votes, or that more than one vacancy in the office existed, or that more than one person was to be chosen to fill the office; but the plaintiff produced a certificate of the inspectors and town clerk, incorporated in the minutes, stating that at such election two persons, other than the defendant, were elected to the office of justice, for different terms; *it was held* that there was not sufficient evidence of the right of the defendant to the office he assumed to exercise, to justify the arrest.

THIS action was brought by the plaintiff against the defendant to recover damages for false imprisonment. The complaint alleges that on or about the 5th of May, 1860, the defendant *maliciously*, and with intent to injure the plaintiff, did force and compel him to go to the county jail of Richmond county, and did there imprison and detain him for the space of thirty days, without reasonable cause, and without authority so to do, &c., and claimed damages in the sum of five hundred dollars.

The answer of the defendant denies that he unlawfully and maliciously committed any of the acts complained of; and, for a distinct and separate defense, sets up that, "on the 14th day of February, 1860, at an annual town meeting, held in the town of Castleton, Richmond county, on that day, he was duly elected a justice of the peace for said town of Castleton; and that subsequent to said election, and before the 1st day of March, 1860, he took the oath of office required by the statute, before Israel C. Denyse, the clerk of the county of Richmond, and entered upon the discharge of his duties as a justice of the peace of the town of Castleton, and at the time of the issuing of the warrant against and the arrest of the plaintiff, as thereinafter mentioned, he, the defendant, was a justice of the peace of the said town of Castleton, and acting in the discharge of the duties of his office as such justice. That on the 4th day of May, 1860, one William Commens made a complaint under oath before the defendant, while he was acting as a justice of the peace, in and for said town of Castleton, charging the plaintiff with hav-

ing committed an assault and battery on him, in said town of Castleton. That he, the defendant, as such justice of the peace, issued his warrant on said complaint for the apprehension of the plaintiff for said offense, and the plaintiff was, on or about the 5th day of May, 1860, by a constable of said town of Castleton, arrested on said warrant, and brought before the defendant as such justice in said town, on said 5th day of May, and he was then and there, at a court of special sessions held by the defendant, duly tried on said complaint and found guilty of the commission of the offense therein charged, and was sentenced to be confined in the county jail of Richmond county for the space of thirty days. That in pursuance of such trial, conviction and sentence, the plaintiff was conveyed to said county jail, and was confined therein. And the defendant averred that these were the same acts of which the plaintiff complained in his complaint, and that all of said acts were done in accordance with the statute in such case made and provided.

The action was tried at the Richmond circuit, before Justice SCRUGHAM and a jury. The plaintiff proved his arrest and imprisonment, as alleged in the complaint. The defendant proved that the oath of office as a justice of the peace was administered to him by the clerk of Richmond county, on the 20th of February, 1860. He also read in evidence a record of the conviction of the plaintiff, Charles Newman, of the offense of assault and battery, for which he was sentenced to be imprisoned in the county jail for thirty days. This was signed by the defendant as justice of the peace, and was dated May 22, 1860. The complaint, warrants, constable's return, and the minutes of the trial before the court of special sessions were also read in evidence. Israel C. Denyse, the clerk of Richmond county, was examined as a witness. Being asked if he had examined the records and files in his office for any certificate of the defendant's election as a justice of the peace for the town of Castleton, he testified that he had not found any certificate stating that he was elected a justice

of the peace during the year 1860. That from February, 1860, to the time of the trial, he had acted as a justice of the peace for the town of Castleton. That there was a certificate on file in the county clerk's office, from the town clerk, showing the number of votes given for justices at the election in 1860.

Peter H. Wendell, being duly sworn, testified as follows: "I am town clerk of Castleton. I have the returns of election of town officers of Castleton for 1860. This is the true book of records." The defendant's counsel offered in evidence the returns marked B, and to read therefrom the number of votes cast for justice of the peace, at the annual town meeting for the town of Castleton, in February, 1860. The counsel for the plaintiff objected to this, as not being the certificate of the result of the election, as required by statute. The objection was overruled and exception noted. So much of the paper marked B was then read as refers to the election of justices of the peace, and also the certificate to the same, which are as follows:

"At the annual town meeting of the town of Castleton, held at the house of Thomas C. Burns, at Tompkinsville. * * * * * * * The town clerk, Robert Heslewood, not being present, Josephus Van Tassell was unanimously elected clerk of said meeting. The whole number of votes cast for justices of the peace was three thousand and fourteen, of which Philip Wolfe received four hundred and fifty-seven; Peter Tiernan, four hundred and twenty-six; Michael Langton, four hundred and twenty-four; John Crabtree, three hundred and seventy-nine; William J. Watson, three hundred and sixty-four; Michael Conklin, three hundred and fifty; Benjamin P. Brown, two hundred and fifty-three; David Moore, two hundred and fifty-two, and John R. Western one hundred and nine."

"I certify that the within is a true copy of the proceedings of a town meeting held in the town of Castleton, Richmond county, on the 14th day of February, 1860, from the

opening to the closing of the polls, and a true canvass of all the votes cast for all the different persons voted for to fill all the offices to be elected at such town meeting.

JOSEPHUS VAN TASSELL, Clerk pro tem."

" I certify that the within is a true copy of the return of the town meeting of Castleton, held February 14, 1860, and filed in my office by Josephus Van Tassell, the clerk elected at said meeting.     ROBERT HESLEWOOD, Town Clerk."

The plaintiff read in evidence the following entry in the book of minutes of the town of Castleton, dated February 14, 1860, and signed by Alex. T. Watson and Nathan Barrett, inspectors of election, and Josephus Van Tassell, town clerk pro tem.; being the returns of the election at the town meeting held on that day.

" The town clerk, Robert Heslewood, not being present, Josephus Van Tassell was unanimously elected clerk of said town meeting. The following persons received a majority of all the votes cast for the offices hereafter mentioned, and were declared to be duly elected:

Jacob B. Wood, for supervisor; Peter H. Wandel, town clerk; David Moore, justice of the peace; Benjamin P. Brower, long term, justice of the peace," &c.

The defendant offered to read from the same book the pro-test and certificate of Josephus Van Tassell, the clerk of the town meeting, stating Barrett and Watson's certificate to be incorrect. This was objected to by the plaintiff's counsel, and excluded; to which the counsel for the defendant excepted. Israel C. Denyse, the county clerk, being shown a paper, testified as follows: " This is a paper which was filed in my office, 21st February, 1860. It is a certificate of the clerk of the town meeting, held in the town of Castleton, February 14, 1860, of the election of certain justices of the peace." The paper was as follows:

" *Richmond County, Town of Castleton, ss:* I, Josephus Van Tassell, clerk of the annual town meeting, held in the

town of Castleton aforesaid, on the 14th day of February instant, do hereby certify that the following persons were declared elected justices of the peace for said town, at such town meeting, viz: Benjamin P. Brower, longest term, and David Moore, to fill the unexpired term of Theo. Freau. Dated this 21st day of February, 1860.

JOSEPHUS VAN TASSELL,
Clerk of the annual town meeting, Feb. 14, 1860."

The counsel for the plaintiff offered to read this certificate in evidence, to which the counsel for the defendant objected, and the objection was sustained by the court, and the counsel for the plaintiff excepted.

The case having been closed, the counsel for the defendant moved to dismiss the complaint, upon the following grounds:

*First.* That there was no malice shown on the part of the defendant against the plaintiff. *Secondly.* That the defendant, acting regularly and believing himself to be a justice of the peace, and acting colorably as such, cannot be held responsible in this action. The court refused to grant the motion; to which refusal the counsel for the defendant excepted.

The case having been summed up by the respective counsel, the court charged the jury, after reviewing the facts of the case, substantially as follows: "It is not sufficient to justify the defendant, for him to show merely that he was acting as a justice of the peace; he is bound to show that he was *actually* such. As no statement of the election showing that he was elected a justice of the peace was transmitted to the county clerk, he was not regularly sworn into office, and was not a justice of the peace. His proceedings against the plaintiff were therefore unlawful, and the plaintiff is entitled to recover for the damage he actually sustained."

The jury found a verdict in favor of the plaintiff, assessing his damages at twenty-five dollars.

*D. B. Williamson,* for the plaintiff.

*John McKeon* and *Jonas B. Phillips,* for the defendant.

*By the Court,* EMOTT, J. The defendant, in order to justify his arrest and imprisonment of the plaintiff, must show himself to have been at the time not only *de facto,* but *de jure,* a justice of the peace. This is an action by a plaintiff who has been personally affected by the authority exercised by the defendant, and of course it brings up the question of the rightfulness and extent of that authority directly, and not collaterally.

The defendant, to show that he was *de jure* a justice, gave evidence that he had taken and filed the oath of office; and he also introduced the minutes of the proceedings of a town meeting of Castleton, in Richmond county, held February 14, 1860. By these minutes it appeared that 3014 votes were cast for the office of justice of the peace, of which Philip Wolfe received 457, the defendant Peter Tiernan 426, Michael Langton 424, and six others, each a different and less number of votes.

The portion of the minutes introduced by the defendant does not contain any certificate or declaration of the election of any one of these persons to this office; nor do they show or state that more than one vacancy in the office of justice of the peace existed or was to be filled at this election. It does not appear whether all these persons were candidates for the same office, or, if not, how many justices of the peace were to be chosen in this town, at this election.

The inspectors, or persons holding the town meeting or election, for some reason which does not appear and which is not material at present, refused to declare the defendant elected. After the defendant rested his case at the trial, the plaintiff introduced a certificate or return of these officers, stating the persons elected to the various offices filled at this town meeting, among whom are two persons declared to have

been elected to the office of justice of the peace for different towns, neither being the defendant. The plaintiff also offered in evidence a certificate of the clerk of the town meeting held in Castleton on the 14th of February, 1860, to the effect that Benjamin P. Brower and David Moore were "declared elected justices of the peace" at that town meeting. The statute (1 *R. S.* 344, § 18) enacts that the clerk of every town meeting at which an election of justices of the peace shall be held, shall within ten days thereafter transmit to the clerk of his county a certificate of the result of such election, under his hand, which shall be evidence of the facts therein certified. The certificate of Josephus Van Tassell, which the plaintiff offered to read, was produced from the county clerk's office, and, I am inclined to think, was a substantial compliance with this provision. It might have furnished prima facie evidence of the election of another person than the defendant to the office which he claims to exercise. Without deciding whether this certificate should have been admitted, and leaving it out of the question, however, the only other declaration or certificate of the result of the election was that found in the statement made by two persons designating themselves inspectors of the election, but signed also by the town clerk, and incorporated in the minutes. This was read in evidence by the plaintiff, and, as I have already stated, declared the election to the office of justice of another person than the defendant. This statement of the result would seem to have been substantially in compliance with section 15, page 344 of 1 revised statutes, being section 9 of title 8, chapter 130 of the laws of 1842. The defendant offered to read in evidence a protest and certificate of the same clerk who had signed these minutes, against their correctness. The protest is not set out in the case, but it was a paper which the clerk had no authority to make, and it was properly rejected on this trial.

I am unable to find any sufficient evidence in the case before us of the right of the defendant to the office he assumed

Newman *v.* Tiernan.

to exercise. The only evidence tending that way is the statement of the number of votes given for all the persons voted for at the town meeting in Castleton in 1860 for justice of the peace, and among others for the defendant. But the defendant does not even by that statement appear to have received the highest number of votes for that office, and there is nothing to show that more than one vacancy in such an office existed in the town, at that time, or that more than one person was to be chosen to fill the office ; unless we resort to the documents introduced by the plaintiff. If we do that, it an once appears that another person, and not the defendant, was elected, or at least declared elected to the office.

The defendant might have proceeded against the town officers to compel them to declare his election, if he was duly elected, or he might have proceeded to oust the person who intruded into the office upon the certificate or declaration of these officers. And the town officers themselves were liable to indictment if they were guilty of misfeasance in the premises. But the defendant cannot justify himself upon any such evidence as we have here, when his authority is questioned, as it is now, by a party whom he has arrested. I do not understand how he could justify or defend this action, even if he could show that he was entitled to the office, if another person had received the certificate of the election. But I do not find enough in the present case even to raise the question.

The plaintiff should have judgment on the verdict, with costs.

[DUTCHESS GENERAL TERM, May 12, 1862. *Emott, Brown, Scrugham* and *Lott*, Justices.]